IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

**MICHAEL J. BALDWIN,**

    **Plaintiff,**

    v.

**The City of Kankakee, City of Kankakee Police Officers R. Huebner, No. 7222, Jose Luis Martinez, Detective Logan Andersen, and Unknown and Unnamed Kankakee City Police Officers**

    **Defendants.**

Case No.: 22-cv-2083

U.S. Judge Colin Stirling Bruce
U.S. Magistrate Judge Eric I. Long

## DEFEDANTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT

NOW COME the Defendants, THE CITY OF KANKAKEE, POLICE OFFICERS R. HUEBNER, JOSE LUIS MARTINEZ, DETECTIVE LOGAN ANDERSEN, AND UNKNOWN AND UNNAMED KANKAKEE CITY POLICE OFFICERS, by their attorneys, James J. Roche & Associates, and for their Motion to Strike Plaintiff's Complaint, state as follows:

On April 18, 2022, Plaintiff filed his Complaint against Defendants. (*See* Dkt. No. 1). Plaintiff alleges in his Complaint that "at all times herein mentioned Defendants City of Kankakee Police Department Officers R. Huebner, No. 7222; Jose Luis Martinez, Detective Logan Andersen, and unknown and unnamed officers were employed by the City of Kankakee Police Department (collectively "police defendants" or "defendants") and were acting under color of state law and as the employee, agent, or representative of the City of Kankakee . . . these Defendants are being sued in their individual capacities. (*See* Dkt. No. 1 Complaint ¶ 4). Plaintiff further alleges in his Complaint that, "At all times herein mentioned Defendant the City of Kankakee was a municipal organization existing under the laws of the State of Illinois . . . City

of Kankakee managed and controlled the Kankakee Police Department. (*See* Dkt. No. 1 Complaint ¶ 5). Plaintiff seeks attorney fees against all Defendants pursuant to The Equal Access to Justice Act, and also seeks punitive damages against the individual Defendants. For the forgoing reasons, Plaintiff's request for attorney fees under The Equal Access to Justice Act against all the Defendants, and request for punitive damages against the individual Defendants, must be stricken.

## LEGAL STANDARD

Under Rule 12(f) of the Federal Rules or Civil Procedure, the Court may also "strike a pleading that contains '…redundant, immaterial, and impertinent or scandalous matters." *McKeever v. Israel*, 476 F. Supp. 1370, 1374 (E.D. Wis. 1979). Grounds for striking a Pleading include "where a plaintiff's amended complaint exceeds the scope of an allowed Amendment…" *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007).

## ARGUMENT

This Court must strike Plaintiff's request for punitive damages against the individual Defendants because the individual Defendants are entitled to immunity from punitive damages under §2-102 of the Illinois Tort Immunity Act. Specifically, the individual Defendants were public officials within the meaning under § 2-102 of the Illinois Tort Immunity Act and were acting in their official executive capacity at all times relevant in Plaintiff's Complaint.

Section 2-102 of the Act provides as follows:

Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party.

745 ILCS 10/2-102.

"[T]here is nothing in the text of the statute that suggests it is limited to official capacity suits." *Rousey v. City of Johnston City*, No. 05-4174-JPG, 2006 WL 314452, at *4 (S.D. Ill. Feb. 9, 2006). §2-102 provides immunity from punitive damages "in any action arising out of an act or omission made by the public official while serving in an official executive ... capacity, brought directly or indirectly against him .... *Id. See Short v. Nolan,* No. 09 CV 1087, 2010 WL 272815, at *1 (C.D. Ill. Jan. 14, 2010); *Steinway v. Vill. of Pontoon Beach,* No. 06-CV-1043-DRH, 2009 WL 1940431 (S.D. Ill. 2009)*; Campbell v. The City of Johnston* City, 2005 WL 3440726 (S.D.Ill.).

    Plaintiff's request for punitive damages is strictly prohibited by the Act. Further, Plaintiff cites no statutory provision that would enable him to seek punitive damages. Consequently, Plaintiff's request for punitive damages should be stricken.

    Plaintiff also may not recover attorney's fees under the Equal Access to Justice Act. The U.S. Equal Access to Justice Act, 28 U.S.C. § 2412(b), permits this court to award reasonable attorney's fees to a prevailing party in a civil action brought by or against the United States, or any agency or any official of the United States. None of the Defendants are the United States, a U.S. agency, or an official of the United States, and therefore Plaintiff may not recover attorney's fees against the Defendants under the Equal Access to Justice Act. Accordingly, Plaintiff's request for attorney fees pursuant to the Equal Access to Justice Act should be stricken.

    WHEREFORE, the Defendants, THE CITY OF KANKAKEE, POLICE OFFICERS R. HUEBNER, JOSE LUIS MARTINEZ, DETECTIVE LOGAN ANDERSEN, AND UNKNOWN AND UNNAMED KANKAKEE CITY POLICE OFFICERS, by and through their attorneys,

JAMES J. ROCHE & ASSOCIATES, pray this Court grants Defendants' Motion to Strike Plaintiff's Complaint, and for any such other relief this Court deems necessary and just.

                                                Respectfully submitted,

                                                Defendants

                                                By: /s/ Cathryn Hall
                                                One of the attorneys for
                                                the Defendants

James J. Roche (Attorney No. 2359162)
Cathryn Hall (Attorney No. 6320734)
JAMES J. ROCHE & ASSOCIATES
Attorneys for Defendants
920 N. York Rd. Suite 210
Hinsdale, IL 60521
(312) 335-0044
jroche@jjroche.net
chall@jjroche.net

## CERTIFICATE OF SERVICE

       The undersigned, one of the attorneys for Defendant(s), hereby certifies that she served the foregoing pleading on all counsel of record by causing a true copy thereof to be transmitted by email through the CM/ECF Filing System for delivery on or before the date of filing of the pleading.

                                                        /s/ Cathryn Hall